1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMMANUEL HABTE,                                )
                                               )        CASE NO.  C05-1814RSM
                  Plaintiff,                   )
                                               )
         v.                                    )        ORDER GRANTING MOTION
                                               )        FOR SUMMARY JUDGMENT
UNITED STATES OF AMERICA,[1]                   )
                                               )
                  Defendant.                   )
_____)

## I.  INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment.  (Dkt.

#16).  Defendant argues that the evidence overwhelmingly demonstrates no liability on its part

for the incident at issue in this action.  In particular, defendant notes that there is no evidence

that Inspector Joseph Deaver caused the automobile accident as alleged by plaintiff.  Plaintiff

has failed to file a response to defendant's motion.  Instead, plaintiff has filed an untimely

motion for a continuance of 90 days of defendant's motion, and an untimely motion to strike all

of the evidence submitted in support of the motion for failure to authenticate such evidence.

(Dkts. #17 and #19).  For the reasons set forth below, the Court DENIES plaintiff's motions,

---

[1] In his Complaint, plaintiff named Joseph Deaver and the Department of Homeland Security as defendants to this action.  However, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2), the United States shall be substituted as the defendant in actions alleging the negligent acts or omissions of federal employees acting within the course and scope of their official duties.  Accordingly, the Court recognizes the United States as the proper defendant to this action.

1   and GRANTS defendant's motion for summary judgment.

2                              **II.  DISCUSSION**

3   **A.  Background**

4          This case arises out of an automobile accident that occurred on the corner of Fourth

5   Avenue and Lenora Street in Seattle, WA, on the evening of December 8, 2004.  Joseph

6   Deaver, an Inspector with the Bureau of Immigration and Customs Enforcement ("ICE"), was

7   driving westbound on Lenora, towards the intersection of Fourth Avenue, in his unmarked

8   government white Chevy Tahoe.  Mohammed Tegene was operating an Orange Taxi Cab,

9   driving northbound on Fourth Avenue towards Lenora.  Defendant asserts that Inspector

10  Deaver drove into the intersection when his light turned green and noticed an Orange Taxi Cab

11  speeding towards him.  When he realized that the cab was not going to stop at its red light, he

12  attempted to slam on the brakes, but he was unable to avoid a collision.  Plaintiff, the owner of

13  the cab being driven by Mr. Tegene, asserts that Inspector Deaver ignored a red light and drove

14  into the intersection in front of Mr. Tegene, causing the accident.

15         In any event, there is no dispute that the cab collided with the Chevy Tahoe with enough

16  force to push the Tahoe across the road and over to the curb.  While the Tahoe was able to stop

17  before going onto the sidewalk, the cab continued up over the curb and onto the sidewalk,

18  hitting pedestrian Carrie Rolf (fka Carrie Stainton).  Seattle police arrived at the scene and

19  spoke with Inspector Deaver and other witnesses.

20         On June 6, 2006, Ms. Rolf filed suit against the United States, the Orange Cab Company,

21  and Mr. Tegene, alleging that the accident caused her personal injuries and other damages.  Mr.

22  Tegene was subsequently dismissed as a defendant because he could not be located, and

23  therefore, had not been properly served with the lawsuit.  Shortly thereafter, Ms. Rolf settled

24  with the United States.  At all times during her lawsuit, Ms. Rolf took the position that Mr.

25  Tegene had ignored a red light and caused the accident.  Likewise, the Seattle police officer

26  investigating the accident determined that Mr. Tegene was at fault, and independent eye

1   witnesses Greg Roberts and Timothy Meeks both testified by declaration that Mr. Tegene was

2   the at fault driver causing the accident.  Although he has not provided any evidence in support

3   of his assertion, plaintiff asserts that three additional witnesses, Doug Benson, Mike Slover and

4   Glen Freeman, would testify that Inspector Deaver caused the accident.

5       On November 1, 2005, plaintiff filed the instant action, alleging that Inspector Deaver

6   caused damages to his property, the cab driven by Mr. Tegene, and other related damages, and

7   seeking monetary relief pursuant to the Federal Tort Claims Act ("FTCA").  Defendant has now

8   moved for summary judgment on plaintiff's claims, arguing that there is no evidence that

9   Inspector Deaver caused any of the damages alleged.

10      **B. Summary Judgment Standard**

11      Summary judgment is proper where "the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

13  genuine issue as to any material fact and that the moving party is entitled to judgment as a

14  matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

15  (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

16  *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

17  512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

18  genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

19  the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

20  summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

21  *Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987).

22      Genuine factual issues are those for which the evidence is such that "a reasonable jury

23  could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts

24  are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

25  summary judgment, a court does not weigh evidence to determine the truth of the matter, but

26  "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc*., 41 F.3d

547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore,

conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat

summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345

(9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material

facts are at issue in summary judgment motions.  *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610

F. 2d 665, 667 (9th Cir. 1980).

### C. Motion to Strike

As an initial matter, the Court addresses plaintiff's request to strike the evidence

supporting defendant's motion for summary judgment.[2]  Plaintiff argues that the declarations

and police report submitted have not been properly authenticated, and therefore, should not be

considered by the Court.  Plaintiff's arguments are misguided.  While Federal Rule of Civil

Procedure 56(e) and Federal Rule of Evidence 901 do require proper authentication of certain

pieces of evidence, there is nothing improper about the evidence submitted by defendant in

support of its motion.  Rule 56(e) explicitly allows a moving party to submit affidavits made on

personal knowledge, as well as depositions to support its motion.  Accordingly, plaintiff's

motion is DENIED.

### D. Motion for Continuance

The Court next addresses plaintiff's motion for a 90-day continuance of defendant's

motion.  It appears that plaintiff makes the motion pursuant to Federal Rule of Civil Procedure

56(f).  Plaintiff argues that it took him approximately 17 months to locate three witnesses who

would testify to a different version of events than that presented by defendant, and asks for a

continuance until November 30, 2007, so that he may pursue discovery with those witnesses,

and take depositions of Inspector Deaver and Ms. Rolf.

---

[2] Although the Court acknowledges that plaintiff's motion was untimely, defendant was
able to respond to the motion in its reply brief, and the Court needs no further analysis to resolve
plaintiff's arguments.  Accordingly, the Court will not strike the motion.  For the same reasons,
the Court also declines to strike plaintiff's motion for continuance.

1    The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party

2    opposing a motion for summary judgment "must make (a) a timely application which

3    (b) specifically identifies (c) relevant information, (d) where there is some basis for believing

4    that the information sought actually exists." *Emplrs. Teamsters Local Nos. 175 & 505 Pension*

5    *Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (2004) (citing *VISA Int'l Serv. Ass'n v.*

6    *Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).  In addition, "[t]he burden is

7    on the party seeking additional discovery to proffer sufficient facts to show that the evidence

8    exists, and that it would preclude summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242

9    F.3d 1151, 1161 n.6 (9th Cir. 2001).  Here, plaintiff states that he has located three witnesses to

10   the accident in question, and he expects they will all testify that Inspector Deaver caused the

11   accident.  (Dkt. #17 at 4).  The mere hope of developing further evidence prior to trial is an

12   insufficient basis for a continuance under Rule 56(f).  *Continental Maritime of San Francisco,*

13   *Inc. v. Pacific Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987).  Further,

14   plaintiff does not identify a specific date or time that he spoke to the witnesses, he does not

15   state that any of the witnesses have actually agreed to testify on his behalf, and he does not give

16   any indication that he will actually be able to secure declarations from these witnesses within the

17   time period he requests.  Accordingly, the Court DENIES plaintiff's motion for a continuance.

18   **E. Federal Tort Claims Act**

19   The Court now turns to defendant's motion for summary judgment.  As noted above, the

20   FTCA holds the government vicariously liable for the negligent acts or omissions of federal

21   employees who perform their duties in the course and scope of employment.  28 U.S.C.

22   § § 1346, 2671, *et seq*.  In FTCA actions, the government shall be held liable "in the same

23   manner and to the same extent as a private individual under like circumstances," and will be

24   determined "in accordance with the law of the place where the act or omission occurred."  28

25   U.S.C. § 1346(b).

26   In Washington, to establish a claim of negligence, a plaintiff must show: a) that the

1    defendant owed a duty of care to the plaintiff; b) the defendant breached that duty; c) injury to

2    the plaintiff resulted; and d) the defendant's breach was the proximate cause of the injury.

3    *Hoffstatter v. City of Seattle*, 105 Wn. App. 596, 599, 20 P.3d 1003 (2001).  Thus, in the

4    instant case, defendant asserts, and plaintiff does not dispute, that plaintiff must show that

5    Inspector Deaver breached his duty to obey the traffic laws of Washington by ignoring a red

6    light and caused the damages alleged.  Here, there is no such evidence.  Defendant has

7    submitted several eye witness accounts stating that plaintiff's employee caused the accident, as

8    well as the police report citing plaintiff's employee as the at-fault driver.  Plaintiff has failed to

9    rebut that evidence, nor can he provide any personal testimony disputing the evidence, as he

10   was not present at the scene of the accident.  Accordingly, there is no genuine issue of material

11   fact left for a factfinder to determine, and summary judgment in favor of defendant is

12   appropriate.

13                                  **III. CONCLUSION**

14        The Court, having considered defendant's motion, plaintiff's motions in response, and the

15   remainder of the record, hereby ORDERS:

16        (1)  Plaintiff's Motion for Continuance (Dkt. #17) is DENIED.

17        (2)  Plaintiff's Motion to Strike (Dkt. #19) is DENIED.

18        (3)  Defendant's Motion for Summary Judgment (Dkt. #16) is GRANTED, and this case

19   is DISMISSED.

20        (4)  The Clerk shall direct a copy of this Order to all counsel of record.

21        DATED this 30th day of August, 2007.

22

23                                  RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE
24

25

26